UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-11-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KRISTEN R. STACY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff United States' motion for summary judgment regarding the claims asserted against Defendant Kristen R. Stacy, formerly known as Kristen R. Holley. [Record No. 16] For the reasons discussed herein, the motion will be granted. A separate Order of Sale will be entered this date.

**I.**

The United States filed this foreclosure action on behalf of the Department of Agriculture, Rural Development (formerly, Farmers Home Administration and as the Rural Economic and Community Development Service) against Defendants Kristen Stacey, David Edward Stacy, and B&R Heating and Air Conditioning, Inc., following the default of a promissory mortgage note secured by certain real estate located in Anderson County, Kentucky. [Record No. 1] B&R Heating and Air Conditioning was joined as a defendant by virtue of a Notice of Judgment Lien filed against Defendant David Stacy and recorded on March 30, 2010. [*Id.*, ¶ 12] B&R Heating and Air Conditioning filed its Answer, Cross-Claim and Counterclaim in this action on March

23, 2011. [Record No. 3]. On April 7, 2011, Defendant Kristen Stacy filed a pro se Answer to the United States' Complaint. Through her Answer, Defendant Stacy did not dispute that the promissory mortgage note secured by the Anderson County real estate was in default. [Record No. 5] However, she outlined the events leading to the default and her attempts to avoid foreclosure of the Anderson County property. In light of her current financial condition, this defendant requested that the United States accept a deed on the property in lieu of foreclosure. [*Id.*, p. 3]

On May 26, 2011, the United States requested entry of default against Defendant David Stacy. [Record No. 8] That relief was granted and, on May 31, 2011, a default judgment was entered with respect to this defendant. [Record Nos. 13, 19] Additionally, on May 27, 2011, the United States moved for summary judgment against Defendant Kristen Stacy. [Record No. 16] Defendant Kristen Stacy has not responded to the motion within the time provided by the Local Rules. Finally, Defendant, Cross-Claimant, and Counterclaimant B&R Heating and Air Conditioning, Inc., was dismissed from the action by agreement on May 27, 2011. [Record No. 15]

**II.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving

party for a reasonable jury to return a verdict in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In other words, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The moving party initially bears the burden of informing the court of the basis for its motion. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002) (citing *Celotex*, 477 U.S. at 323). The movant does so by bringing forward the relevant portions of the record which establish the absence of a genuine issue of material fact. *Id.* Once the movant has satisfied its burden, the nonmoving party must go beyond the pleadings and produce specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party must do more than cast some "metaphysical doubt" on the material facts. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). It must present significant, probative evidence of a genuine issue in order to defeat the motion for summary judgment. *Id.* In reviewing the motion, the Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 586–87.

In the present case, Defendant Kristen Stacy does not dispute that the promissory mortgage note is in default and that the United States is entitled to the relief requested. While her pro se Answer seeks settlement which would avoid a resulting deficiency, the United States is not required to accept this proposal. Accordingly, the Court being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Plaintiff United States' Motion for Summary Judgment Against Defendant Kristen R. Stacy, formerly known as Kristen R. Holley, [Record No. 16] is **GRANTED**.

2. Plaintiff United States, on behalf of its Department of Agriculture, Rural Development (formerly known as the Farmers Home Administration and as the Rural Economic and Community Development Service), is **GRANTED** an In Personam Judgment against Defendant Kristen R. Stacy, formerly known as Kristen R. Holley, in the principal sum of $93,584.17, plus interest at the contract rate in the amount of $7,259.22 as of May 19, 2011, plus the interest credit subsidy granted in the amount of $8,284.80, plus amounts in escrow and other pending fees and charges to the account as provided by the loan instruments and applicable law in the amount of $2,206.13, for a total unpaid balance of $111,334.32, plus interest on the unpaid balance at the rate of $16.3717 per day from May 19, 2011, until the date of entry of this Judgment, together with interest on the Judgment amount (principal plus interest through the date of Judgment plus the interest credit subsidy granted) at the legal rate of interest in effect as of the date of this Judgment, computed daily and compounded annually until paid in full, and for the costs of this action.

This 20th day of June, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge